AO 245D (SDIL Rev. 03/15) Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

FILED
DEC 18 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

UNITED STATES OF AMERICA )
v. )
KEVIN J. WESTERFIELD )

**JUDGMENT IN A CRIMINAL CASE**
(for **Revocation** of Probation or Supervised Release)

Case Number: 3:07-CR-30057-SMY-03
USM Number: 07768-025

DAVID L. BRENGLE, AFPD
Defendant's Attorney

**THE DEFENDANT:**

☒ admitted guilt to violation of conditions   As alleged below   of the term of supervision.
☐ was found in violation of condition(s)   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory | The Defendant committed another federal, state or local crime | 11/16/2015 |
| Mandatory | The Defendant unlawfully possessed a controlled substance | 11/16/2015 |
| Standard #11 | The defendant failed to notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer | 11/16/2015 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)   ☐ is ☐ are dismissed on the motion of the United States.

☐ The defendant has not violated condition(s)   and is discharged as to such violation(s) condition.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Last Four Digits of Defendant's Soc. Sec.: 0622

Defendant's Year of Birth: 1980

City and State of Defendant's Residence: Belleville, IL

December 17, 2015
Date of Imposition of Judgment

Signature of Judge
Staci M. Yandle, U.S. District Judge
Name and Title of Judge
Date 12/18/2015

AO 245D (SDIL Rev. 03/15) Judgment in a Criminal Case for Revocation

Judgment Page 2 of 5

DEFENDANT: KEVIN J. WESTERFIELD
CASE NUMBER: 3:07-CR-30057-SMY-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **30 months on Counts 1 & 4 of the original Indictment and 24 months on Counts 2 & 3 of the original Indictment, to be served concurrently**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KEVIN J. WESTERFIELD
CASE NUMBER: 3:07-CR-30057-SMY-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**5 Years as to Counts 1 & 4 of the original Indictment and no further release as to Counts 2 & 3 of the original Indictment.**

## MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

The defendant shall refrain from any unlawful use of a controlled substance. The mandatory drug testing condition may be suspended, if the Court determines at sentencing that the defendant poses a low risk of future substance abuse.

## ADMINISTRATIVE CONDITIONS

*The following conditions of supervised release are administrative and applicable whenever supervised release is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to <u>supervised release</u>.*

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not leave the judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow the instructions of the probation officer.

The defendant shall notify the probation officer at least ten days prior to, or within seventy-two hours after, any change in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the

DEFENDANT: KEVIN J. WESTERFIELD
CASE NUMBER: 3:07-CR-30057-SMY-03

defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## SPECIAL CONDITIONS

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall participate as directed and approved by the probation officer, in a cognitive behavioral evaluation to identify any risk associated with criminal thinking, the defendant shall complete such an evaluation and comply with treatment as recommended by the evaluation. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale as directed by the probation officer. The defendant's financial obligation shall never exceed the total cost of services rendered.

The defendant shall participate, as directed and approved by the probation officer, in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center. The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale as directed by the probation officer. The defendant's financial obligation shall never exceed the total cost of services rendered.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, the defendant shall perform at least 20 hours of community service work per week at the direction of the U.S. Probation Office until gainfully employed.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant shall submit his person, residence, real property, place of business, vehicle, and any other property under their control to a search, conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the

DEFENDANT: KEVIN J. WESTERFIELD
CASE NUMBER: 3:07-CR-30057-SMY-03

United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.